# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARL THOMAS MARSHALL, | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:17-CV-1350 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

This matter is before me on the motion of Earl Marshall to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

On March 14, 2008, movant pled guilty to one count of conspiracy to possess with the intent to distribute more than 100 kilograms of marijuana. *United States v. Marshall*, No. 4:07-CR-486 CDP. On August 1, 2008, I sentenced him to a term of 192 months' imprisonment. In applying the Sentencing Guidelines, I found him to be a Career Offender under § 4B1.1 because he had two prior felony convictions for controlled substance offenses, and I enhanced his sentence accordingly. I did not apply any statutory sentence enhancements.

In this case, movant argues that his sentence is now invalid under *Mathis v. United States*, 136 S.Ct. 2243 (2016), and he asserts that his motion is timely under 28 U.S.C. § 2255(f)(3) because *Mathis* announced a new rule that has been made retroactive by the Supreme Court. Specifically, he argues that his prior Oklahoma

conviction for trafficking in marijuana is no longer a valid ground for applying the Career Offender enhancement under § 4B1.1 of the Sentencing Guidelines.

In *Mathis*, the Court held that a prior conviction does not qualify as the generic form of a predicate "violent felony" offense listed in the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element. *Id.* at 2251.

First, *Mathis* has no bearing movant's sentence. Section 924(e)(2)(B)(ii) applies to prior convictions for "violent felonies," not prior convictions for "controlled substance offenses," both of which are independent grounds for sentencing enhancements. *Compare* 18 U.S.C. § 924(e)(2)(A) *with* § 924(e)(2)(B); *and see* U.S.S.G. § 4B1.1(a)(3) (requiring Career Offender enhancement for offenders with "at least two prior felony convictions of *either* a crime of violence *or* a controlled substance offense.") (emphasis mine). And there is no question whether trafficking in marijuana is a controlled substance offense. Therefore, movant's claim is meritless.

Second, this action is also barred by the limitations period because *Mathis* is not retroactively applicable to cases on collateral review. It was a statutory interpretation case, not a substantive constitutional challenge under the Due

2

Process Clause. *See Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("*Mathis* did not announce [a new rule made retroactive by the Supreme Court]; it is a case of statutory interpretation."); *see also United States v. Evenson*, ---F.3d---, 2017 WL 3203547 (8th Cir. July 28, 2017) ("As the Supreme Court presented it, the decision [in *Mathis*] simply reflected the 'straightforward' application of decades of precedent."). For these reasons, this action is dismissed. *See* 28 U.S.C. § 2255 Rule 4.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to relief. Therefore, I will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Marshall's motion to vacate, set aside, or correct sentence is **DENIED**, and this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that I will not issue a certificate of appealability.

An Order of Dismissal will be filed forthwith.

Dated this 10th day of August, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE